UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVER DOCKS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-5709 |
| ROY STROM EXCAVATING AND GRADING CO., | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff River Docks, Inc. filed an admiralty Complaint, alleging negligence by Roy Strom Excavating and Grading Co. related to the sinking of a barge. Defendant filed a Motion to Dismiss [15] certain claims under the Federal Rules of Civil Procedure Rule 12(b)(6) and to stay or abstain from hearing the remaining claims pursuant to the abstention doctrine. Defendant's Motion [15] is denied.

## BACKGROUND

The following is a summary of the allegations of Plaintiff's claim, which are considered as true for purposes of deciding Defendant's Motion.

Plaintiff is a full-service barge and material handling facility located on the Illinois River. (Compl. ¶ 1.) Plaintiff is also the owner of barge AGS 441B (the "Barge"). (*Id.*) Defendant is an excavating company located in Maywood, Illinois. (*Id.* ¶ 2.) Defendant was hired as a subcontractor to perform excavation work pertaining to a construction project. (*Id.* ¶ 5.) To perform the excavation work, Defendant chartered the Barge from a company that had chartered it from Plaintiff. (*Id.* ¶ 6.) At the time Defendant chartered the Barge, it was seaworthy. (*Id.*)

On October 17, 2014, the Barge buckled and then sank after being loaded with construction pilings and debris by Defendant. (*Id.* ¶ 7.) The Barge sank due to Defendant overloading the middle of the Barge, causing it to buckle amidships and sink. (*Id.* ¶ 8.) As a result of the buckling and sinking, the Barge is no longer serviceable or in seaworthy condition. (*Id.* ¶ 9.) The Barge has been in dry dock since being removed from the Chicago River and is being readied for scrap. (*Id.*) Plaintiff seeks the value of the Barge, less any scrap value, lost revenue, and attorney's fees. (*Id.* ¶¶ 14, 15.)

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.

2010)). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

"A federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 at 817-18 (1976)).

**ANALYSIS**

*Motion to Dismiss*

Defendant argues that Plaintiff's claims for economic damages and for attorney's fees should be dismissed pursuant to Rule 12(b)(6).

Defendant argues that claims for lost revenue should be dismissed, as admiralty law does not allow for economic damages on a negligence claim. The general rule is that purely economic damages stemming from negligence claims are not available in admiralty. *Orgulf Transp. Co. v. Hill's Marine Enterprises, Inc.*, 188 F. Supp. 2d 1056, 1064 (S.D. Ill. 2002) (citing *Robins Dry Dock and Repair Co. v. Flint*, 275 U.S. 303 (1927)). However, many courts have interpreted this rule to only apply when the Plaintiff has no proprietary interest in the property and/or has alleged no physical damage. *See Am. Petroleum & Transp., Inc. v. City of New York*, 902 F. Supp. 2d 466, 470 (S.D.N.Y. 2012) *aff'd*, 737 F.3d 185 (2d Cir. 2013) ("the *Robins Dry Dock* rule . . . prohibit[s] recovery of economic losses in cases of unintentional maritime torts where there has been no allegation of physical damage to property, including where the plaintiff is the owner of

3

the vessel"); *City of Joliet v. S. Towing Co.*, 387 F. Supp. 2d 911, 914 (N.D. Ill. 2005) ("numerous other courts, including those in the Seventh Circuit, have found that *Robins* bars economic damage claims of parties without a proprietary interest in the damaged property."). Courts have seen a proprietary interest as "a prerequisite to recovery of economic damages in cases of unintentional maritime tort." *City of Joliet*, 387 F. Supp. 2d at 914 (citing *Reserve Mooring, Inc. v. American Commercial Barge Line, LLC*, 251 F.3d 1069, 1072 (5th Cir. 2001)). Plaintiff is the owner of the Barge; therefore, it has the proprietary interest necessary to recover economic damages.[1]

Defendant also argues that attorney's fees are not available. Under admiralty, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Plaintiff argues that attorney's fees are available in certain circumstances. A court "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Attorney's fees are theoretically available to Plaintiff, and it is premature to dismiss the claim at this stage. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 908 (N.D. Ill. 2006) ("At this early stage of the litigation, the Court cannot determine as a definitive matter that fees and costs are wholly unavailable to [Plaintiff]. Thus, the Court declines to strike the request for attorneys fees and costs.").

---

[1] It should also be noted that Plaintiff does not ask for economic damages alone but in addition to actual damages for the loss of the Barge.

Defendant's Motion to Dismiss Plaintiff's claims for economic damages and attorneys' fees is denied.

*Motion to Abstain or Remand*

Defendant has also moved to stay or abstain from hearing the substantive claims pursuant to the abstention doctrine. To determine whether a stay is appropriate, the court is required to conduct a two-part analysis. *Freed*, 756 F.3d at 1018. "First, the court must determine whether the state and federal court actions are parallel." *Id.* (citing *AAR Int'l Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)). If the actions are not parallel, the *Colorado River* doctrine does not apply, and the analysis ends. *Id.* If the proceedings are parallel, "the court must decide whether abstention is proper by carefully weighing ten non-exclusive factors." *Id.*

> The factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.* "'If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties,' then the federal court should not abstain." *Corus Bank, N.A. v. de Guardiola*, 593 F. Supp. 2d 991, 993 (N.D. Ill. 2008) (quoting *AAR Intern., Inc.*, 250 F.3d at 518).

In determining whether state and federal lawsuits are parallel, the suits do not have to be identical. Suits are considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark v. Lacy*, 376

F.3d 682, 686 (7th Cir. 2004) (internal citations omitted). "[A] district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006). There must be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 695 (7th Cir. 1985).

The state action is a claim for breach of contract by Service Wielding and Shipbuilding, LLC, against Defendant. (Dkt. 15, Exh. A). Service Wielding and Shipbuilding, LLC was allegedly hired by Defendant to raise and move the sunken Barge. (*Id.*) After the present federal action was filed, Defendant filed a third-party state complaint against Plaintiff.[2] The third-party complaint raised negligence and unjust enrichment claims against Plaintiff, alleging that the Barge was not fit for its intended purpose and that, therefore, Plaintiff is liable for the costs of raising and moving the Barge. (Dkt. 15, Exh. B.) Plaintiff has since filed a motion to dismiss the third-party complaint in state court. (Dkt. 18, Exh. A.)

The parties are substantially similar; however, the parties are not litigating substantially the same issues. The state complaint seeks to answer the question of whether a contract existed between Defendant and Service Wielding and Shipbuilding, LLC, for raising and moving the Barge. The federal complaint seeks to determine who was responsible for sinking the Barge. The evidence and arguments for whether a contract exists between the two parties in the state lawsuit are entirely different from the evidence and arguments for who is responsible for the Barge sinking. The third-party complaint filed by Defendant seeks to determine whether

---

[2] The federal suit was filed on June 26, 2015. Defendant filed the third-party, state complaint against Plaintiff on August 21, 2015.

Plaintiff is liable for the Barge sinking and, if so, to what extent Plaintiff should be required to pay for raising and moving the Barge. However, at this point, it is not clear that the state court will hear those issues, as Plaintiff has filed a motion to dismiss the third-party state complaint. "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *Freed*, 756 F.3d at 1019 (quoting *AAR Int'l Inc.*, 250 F.3d at 520).

However, even assuming that the cases were parallel, the required exceptional circumstances are not present to stay or dismiss the federal case. The state court has not assumed *in rem* jurisdiction over the Barge.[3] There is no inconvenience to either party caused by the federal forum, which weighs against abstention. The desirability of avoiding piecemeal litigation is difficult to determine at this point, as Plaintiff has moved to dismiss the third-party complaint in state court. If the state court dismisses the third-party complaint, there will be no piecemeal litigation. However, to the extent the third-party complaint is not dismissed, that factor weighs in favor of abstention.

The order in which jurisdiction was obtained weighs against abstention. As discussed above, while the state-court litigation began before the federal litigation, Defendant filed their state complaint against Plaintiff *after* this lawsuit was filed. The source of governing law is admiralty law, which weighs against abstention. The adequacy of state-court action to protect the federal plaintiff's rights weighs against abstention, as federal admiralty law provides certain

---

[3] The parties dispute whether *in rem* jurisdiction is required under the *Colorado River* doctrine. The Seventh Circuit has described the *Colorado River* ruling as follows: "The Court held in *Colorado River* that, when a state is conducting an *in rem* procedure that the federal tribunal cannot replicate, a district judge should abstain so that all parties and claims will be before the state court." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

rights that state court does not, such as a bench trial and interlocutory appeals. The relative progress of state and federal proceedings weighs in favor of exercising jurisdiction, as it has yet to be determined whether the third-party state complaint against Plaintiff will be dismissed. The state court has concurrent jurisdiction over admiralty tort and contract claims, which weighs in favor of abstention.

Both parties agree that the third-party complaint cannot be removed to federal court. However, there appears to be conflicting Seventh Circuit authority as to what the effect of that factor is. In *AXA Corp. Solutions v. Underwriters Resinsurance Corp.*, the Seventh Circuit cited the inability to remove as a factor weighing against abstention. *See AXA Corp. Solutions v. Underwriters Resinsurance Corp.*, 347 F.3d 272, 279 (7th Cir. 2003). In *Freed*, the Seventh Circuit stated that the "ninth factor intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." *Freed*, 756 F.3d at 1023 (citing *Day v. Union Mines Inc.*, 862 F.2d 652, 660 (7th Cir. 1988)). However, the relatedness of the claims is minimal, at best, as the state court can determine the contract rights between Defendant and another party, which is not material in resolving who is responsible for sinking the Barge.

There is no reason to believe that the federal claim is vexatious or contrived, which weighs against abstention. The factors weighed above do not present the exceptional circumstances necessary to overcome "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss and to Stay or Abstain [15] is denied.

Date:     January 13, 2016                    _____
                                              JOHN W. DARRAH
                                              United States District Court Judge