UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVER DOCKS, INC., | ) |
|       Plaintiff, | ) <br> ) <br> ) Case No. 15-cv-5709 |
| v. | ) <br> ) Judge John W. Darrah |
| ROY STROM EXCAVATING AND GRADING CO., | ) <br> ) <br> ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff River Docks, Inc. filed an admiralty Complaint, alleging negligence by Roy Strom Excavating and Grading Co. related to the sinking of a barge. Plaintiff has now filed a Motion to Enjoin Roy Strom from Asserting Compulsory Counterclaims in Other Fora [61]. For the reasons discussed more fully below, Plaintiff's Motion [61] is denied.

## BACKGROUND

On February 17, 2015, Service Welding and Shipbuilding, LLC filed a complaint in state court against Defendant: *Service Welding and Shipbuilding, LLC v. Roy Strom Excavating and Grading Co.*, No. 2015 L 001627. Plaintiff filed the current federal action against Defendant; and summons was returned executed on August 18, 2015. On August 21, 2015, Defendant filed a "third-party complaint," asserting two third-party claims against Plaintiff in the state-court action. On September 24, 2015, Plaintiff moved to dismiss Defendant's third-party claims in state court. On January 13, 2016, Defendant's federal Motion to Dismiss certain claims and to stay or abstain from hearing the remaining claims pursuant to the abstention doctrine was denied because the subject of the state action and the federal action are different. On May 12, 2015, the state court dismissed the third-party claims against Plaintiff for failure to state a claim and due to

the federal admiralty action. The state court also informed Defendant that the third-party claims were mandatory counterclaims in the federal action.

However, the state court granted Defendant leave to re-plead its third-party claims in state court, over Plaintiff's objection. Defendant was granted multiple extensions of time to re-plead; and, on August 1, 2016, Defendant filed its Amended Third-Party Complaint in state court. In the Amended Third-Party Complaint, Defendant alleges that Plaintiff negligently caused barge AGS 441B to sink because the barge was not fit for its purpose and that Plaintiff would be unjustly enriched in the event that Defendant is found to have breached its contracts in the state action.

## LEGAL STANDARD

Under the Anti-Injunction Act, a federal court may not enjoin "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Any doubts about the Act's three specifically defined exceptions ought to be resolved in favor of permitting the state courts to proceed." *Trustees of Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 805 (7th Cir. 2012) (internal citations and quotations omitted).

## ANALYSIS

Defendant argues that the Motion to Enjoin should be denied because this Court does not have authority to enjoin Defendant from asserting third-party claims in the state-court action under the Anti-Injunction Act. Plaintiff argues that when the original third-party complaint was dismissed without prejudice, that ended the state action between Plaintiff and Defendant and that there was no proceeding in a state court. *See United States v. California*, 507 U.S. 746, 756

2

(1993) ("A dismissal without prejudice terminates the action and concludes the rights of the parties in that particular action."); *Johnson v. Du Page Airport Auth.*, 644 N.E.2d 802, 808 (1994) ("The effect of a dismissal without prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed."). The motion for injunctive relief was filed between the Third-Party Complaint being dismissed without prejudice and the start of another action by filing the Amended Third-Party Complaint. 735 Ill. Comp. Stat. 5/2-201 (actions in Illinois are "commenced by the filing of a complaint"). The Anti-Injunction Act "does not apply to state actions commenced after a motion for injunctive relief is filed in the federal court." *Barancik v. Inv'rs Funding Corp. of New York*, 489 F.2d 933, 938 (7th Cir. 1973).

Even if an injunction is not prohibited by the Anti-Injunction Act, a district court must respect the courts of a sovereign state and determine whether an injunction is an appropriate exercise of authority. *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 824 (7th Cir. 2003). The principles of equity, comity, and federalism must be considered when a federal court is asked to enjoin a state-court proceeding. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). Enjoining a state-court proceeding must also be supported by "traditional equitable requirements such as irreparable harm for which there is no adequate remedy at law." *Zurich*, 326 F.3d at 825. In this case, Plaintiff has not demonstrated an irreparable harm for which there is no adequate remedy at law. If Defendant's third-party complaint is frivolous, Plaintiff can move for monetary sanctions in state court pursuant to Illinois Supreme Court Rule 137.

*See* Ill. Comp. Stat. S. Ct. Rule 137; *Amadeo v. Gaynor*, 701 N.E.2d 1139, 1144-46 (Ill. App. Ct. 1998) (upholding sanctions for filing frivolous third-party complaint).

Plaintiff also argues that the Federal Rules regarding compulsory counterclaims weigh on the side of enjoining Defendant. Federal Rule of Civil Procedure 13(a) lays out the requirements for compulsory counterclaims: "A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). A counterclaim is not compulsory if "when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A).

As previously discussed, the admiralty action was commenced before Plaintiff was brought into the state-court action. Therefore, any counterclaims would not be the subject of another pending action when the federal action commenced. Moreover, enjoining the state court proceedings would not comport with traditional equitable requirements.

## CONCLUSION

Plaintiff 's Motion to Enjoin Roy Strom from Asserting Compulsory Counterclaims in Other Fora [61] is denied.

Date: _____October 17, 2016_____  /s/ _____
JOHN W. DARRAH
United States District Court Judge